UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

SEAN GRISS,                                )
                                           )
        Plaintiff,                         )        No. 6:25-CV-206-REW
                                           )
v.                                         )
                                           )
UNITED STATES OF AMERICA,                  )        OPINION AND ORDER
                                           )
        Defendant.                         )
                                           )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Sean Griss, a *pro se* federal prisoner, is proceeding on a Federal Tort Claims Act ("FTCA") claim against the United States based on allegations that prison officials at United States Penitentiary—McCreary ("USP McCreary") in Pine Knot, Kentucky, improperly housed him "with rival gang members as a form of punishment" and failed to protect him from being assaulted by another inmate. *See* DE 11 (Complaint); DE 16 (Court's screening Order). The United States moved to dismiss Griss's claim or, in the alternative, have the Court grant summary judgment in its favor. *See* DE 19. Since the United States attached and relied on a declaration and other documentary evidence extrinsic to the pleadings, *see* DE 19-1, the Court treats its motion as one seeking summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Griss responded in opposition to that motion, *see* DE 22, and the United States replied in support of it, *see* DE 23. The matter is fully briefed and ripe for ruling.

The Court has reviewed the parties' submissions, including their evidence, and will dismiss Griss's FTCA claim because he failed to satisfy the mandatory administrative claim requirement in 28 U.S.C. § 2675(a). Like the *pro se* prisoner in a similar case arising out of this district, Griss "failed to meet the administrative requirement because he did not wait for the claim[ ] to have been

finally denied by the agency before filing suit in district court." *Brooks v. Silva*, No. 13-6539, 2015 WL 12762112, at *2 (6th Cir. Apr. 6, 2015). "Before a claimant may bring an action against the United States under the FTCA, 'the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been *finally denied* by the agency in writing and sent by certified or registered mail.'" *Id.* (quoting 28 U.S.C. § 2675(a) (emphasis added)).

Griss did not follow this rule. To be sure, Griss did file a Standard Form 95 with the appropriate agency on July 22, 2025, satisfying the presentment requirement. *See* DE 19-1 at 1, 3; *see also* 28 C.F.R. § 14.2 (explaining that a claim is presented when the agency receives it). The agency then acknowledged receipt of Griss's administrative tort claim and informed him that it "ha[d] six months from the date of receipt to review, consider, and adjudicate your claim." DE 19-1 at 3. So, the agency had until January 22, 2026, to adjudicate Griss's claim. But Griss did not wait for the agency to resolve his claim; instead, he went ahead and filed his original complaint in this Court on November 5, 2025, *see* DE 1, and his amended complaint on December 1, 2025, *see* DE 11—all before the agency ultimately denied his claim on January 13, 2026, *see* DE 19-1 at 1, 30.

In short, Griss plainly violated § 2675(a), and this warrants dismissal of his FTCA claim. *See Brooks*, 2015 WL 12762112, at *2 (holding that FTCA claims were properly dismissed because the *pro se* prisoner "filed both his original and amended complaints well in advance of his claims being finally denied—either through a formal written response or the running of the six-month response period afforded the agency"); *Watts v. United States*, No. 7:19-cv-113-REW, 2020 WL 3270382, at *2-3 (E.D. Ky. June 17, 2020) (dismissing the plaintiff's FTCA claims because she filed her civil action too early, in violation of § 2675(a)). And the fact that the agency eventually denied Griss's administrative tort claim during the pendency of this action does not justify a

2

different result.[1]  *See Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 417 (6th Cir. 2024) (refusing to carve out an exception to § 2675(a) where the FTCA claim is exhausted during litigation); *Watts*, 2020 WL 3270382, at *3 ("Nor can the fact that the United States has now finally denied the claim . . . retroactively cure the premature filing defect.").

Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE 19 and **DISMISSES** Griss's FTCA claim **WITHOUT PREJUDICE**.  Although his initial filing was premature, Griss may refile his complaint, if timely, with this Court pursuant to § 2675(a), as the DOJ issued its final denial on January 13, 2026, *see* DE 19-1 at 30, exhausting Griss's administrative remedies.  Griss should be attentive to timing requirements under the FTCA.

2. The Court **STRIKES** this matter from its active docket.

3. The Court will enter a corresponding Judgment.

This the 29th day of June, 2026.

Signed By:

*Robert E. Wier*

**United States District Judge**

---

[1] Since the Court is dismissing Griss's FTCA claim due to his failure to comply with § 2675(a), it does not address the Government's arguments regarding the discretionary function exception to the FTCA.  *See* DE 19 at 1-12.